| .MOORE, J.
Calvin Ashton Thomas was charged by bill of information with distribution of cocaine, La. R.S. 40:967 A(l), punishable by imprisonment for not less than 10 years and not more than 30 years, including 10 years without benefit of parole, probation *1207 or suspension. Thomas proceeded to trial, after which a 12-member jury found him guilty as charged. The trial court initially sentenced Thomas to 30 years at hard labor, which was subsequently set aside on motion of the state to reconsider sentence. The state then filed a fourth felony offender bill against Thomas and following his habitual offender hearing, he was adjudged a fourth felony offender and sentenced to life without benefits. Thomas now appeals arguing the sentence is excessive. We affirm.

Background

In May 2000, Thomas was arrested after he sold a piece of crack cocaine to an undercover agent in a buy-bust operation in Shreveport in violation of La. R.S. 40:967 A(l), supra. A unanimous jury found him guilty as charged. Thereafter, the state charged Thomas as being a fourth felony offender with convictions for simple burglary on November 6, 1990, middle grade theft on January 17, 1992, and felony theft on November 18, 1994. After a contradictory hearing, the court adjudicated Thomas to be a fourth felony offender subject to the Habitual Offender Act, La. R.S. 15:529.1 A(1)(c)(ii), which was triggered into effect by the instant conviction violating the Uniformed Controlled Dangerous Substance Law punishable by imprisonment for 5 or more years. The court imposed the mandatory life sentence as required by La. R.S. 15:529.1 A(1)(c)(ii) in | geffect at the time of the instant offense in 2000, as the 2001 amendment was found to be prospective only. 2001 La. Acts no. 403 § 6; State v. Narcisse, 426 So.2d 118 (La.1983), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983); State v. Wade, 36,295 (La.App. 2 Cir. 10/23/02), 832 So.2d 977; see also, La. R.S. 24:171.

Discussion

Thomas argues that the court did not consider all factors in determining whether the mandatory life sentence was excessive, including unspecified mitigating factors, such as his academic and other achievements while incarcerated and that his prior convictions were not for crimes of violence. In this case, La. R.S. 15:529.1 A(1)(c)(ii) mandates a life sentence without benefits for Thomas as the instant conviction was predicated on Thomas’ violation of the Uniform Dangerous Substance Law punishable by imprisonment for more than 5 years.
We have previously held that the mandatory life sentence imposed by the Habitual Offender Statute is presumptively constitutional and should be accorded great deference by the judiciary. State v. Wade, supra.
Although courts have the power to declare a mandatory sentence excessive under Article I, § 20 of the Louisiana Constitution, this power should only be exercised in rare cases and only when the court finds there is clear and convincing evidence that would rebut the presumption of constitutionality. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; Wade, supra.
Johnson and Wade, supra, also held that the burden is on the defendant to rebut the presumption that a mandatory minimum sentence is constitutional. To do so the defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Johnson, supra. Further, a trial judge may not rely solely upon the nonviolent nature of the instant or past crimes as evidence which justifies rebutting the presumption of constitutionality. The lack of violence cannot be the only reason, or even the major reason for declaring such a sen *1208 tence excessive. Johnson, supra; Wade, supra; State v. Lindsey, 99-3256 (La.10/17/00), 770 So.2d 339.
Here, the trial court considered all the circumstances and mitigating factors in this case and properly found no unusual circumstance justifying a downward departure from the imposed mandatory life sentence. We find Thomas has failed to carry his burden of proof under Johnson, supra, to consider a downward departure in sentence, as he has failed to show any unusual circumstance that would support such a rare downward departure.
As pointed out by the supreme court in Lindsey, supra, the goals of the Habitual Offender Statute, to deter and punish recidivism, are satisfied by imposing a life sentence against such a person. Lindsey, at 344.
[ ¡¡Conclusion
We have reviewed the entire record and find nothing we consider to be error patent. La.C.Cr.P. 920(2).
Accordingly, Thomas’ sentence to serve life in prison without benefit of parole, probation or suspension is affirmed.
CONVICTION AND SENTENCE AFFIRMED.